THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CIVIL CASE NO. 2:12-cv-000035-MR

PAUL R. BOYDELL and TIFFANY )
TRAN BOYDELL, )
 )
        Plaintiffs, )
 )
vs. )   <u>O R D E R</u>
 )
 )
WELLS FARGO BANK, N.A. and )
ELIZABETH MADDEN, )
 )
        Defendants. )
_____ )

**THIS MATTER** is before the Court on the Defendants' Motions to Dismiss [Docs. 10, 12].

The facts, legal issues, and causes of action asserted by the parties in the present matter are substantially similar to those in the case of <u>Beritelli, et al. v. Wells Fargo Bank, N.A., et al.</u>, No. 1:11-cv-00179-MR (W.D.N.C.), and the same attorneys appear on behalf of the Plaintiffs in both actions. Even though these cases have not been consolidated, and were in fact previously severed [<u>see</u> Civil Case No. 1:11-cv-00179-MR, Doc. 83], the decision of this Court in the Order previously entered in

Beritelli addresses and disposes of nearly all of the issues raised by the motions currently before the Court in this matter. The Order in Beritelli, therefore, is incorporated herein, and the current motions will be disposed of in accord therewith.

The Defendants in the present case also move to dismiss the Plaintiffs' claims in part on the grounds that such claims are barred by the voluntary payment doctrine. Specifically, the Defendants contend that the Boydells' claims are barred because they knew or should have known of all relevant facts giving rise to their alleged claims when they purchased their lots in June 2006, but in any event no later than when they refinanced the lots in May 2008. Because this issue was not raised by the parties in Beritelli, the Court will proceed to address this issue separately.

Under the North Carolina doctrine of voluntary payment, a payment cannot be recovered if it is voluntarily made by a person with full knowledge of all facts relevant to the payment. Johnson v. Sprint Solutions, Inc., 357 F. App'x 561, 563 n.1 (4th Cir. 2009) (per curiam). Further, a payment cannot be recovered if it is "made in ignorance or mistake of fact where the means of knowledge or information is in reach of the paying party but the party neglects to obtain it . . . ." Johnson v. Sprint Solutions, Inc., No. 3:08-CV-00054, 2008 WL 2949253, at *2 (W.D.N.C. July 29, 2008). The

voluntary payment doctrine being an affirmative defense, a Rule 12(b)(6) motion should be granted only if the applicability of the doctrine is "apparent from the face of the complaint."  See Hobbs v. Schneider Nat'l Carriers, Inc., 793 F.Supp. 660, 662 (W.D.N.C. 1992) (citation omitted).

Viewing the factual allegations of the Complaint in the light most favorable to the Boydells, nothing clearly appears on the face of the Complaint to show when they knew or should have known of the Defendants' alleged wrongful conduct.  Determining the state of the Boydells' knowledge, and thus the voluntariness of their payment, are fact-intensive inquiries which would be better resolved at the summary judgment stage or, if necessary, at trial.  Accordingly, the Defendants' Motions to Dismiss the Boydells' claims on the basis of the voluntary payment is therefore denied.

## O R D E R

**IT IS, THEREFORE ORDERED** that the Defendants' Motions to Dismiss [Docs. 10, 12] are **GRANTED IN PART** and **DENIED IN PART**. Specifically, with respect to the Plaintiffs' claim for negligent misrepresentation, the Motions to Dismiss [Docs. 10, 12] are **GRANTED**

and this claim is **DISMISSED**. In all other respects, the Motions to Dismiss [Docs. 10, 12] are **DENIED**.

**IT IS SO ORDERED.** Signed: September 30, 2013

Martin Reidinger
United States District Judge